**Lucia BONSALL et al., Appellants,**

v.

**HUMBLE OIL & REFINING COMPANY et al., Appellees.**

**No. 19242.**

United States Court of Appeals
Fifth Circuit.

Feb. 26, 1962.

Rehearing Denied March 27, 1962.

J. B. Jones, Jr., Cameron, La., C. A. Miller, Jr., Lake Charles, La., Jones & Jones and Jerry G. Jones, Cameron, La., of counsel, for appellants.

W. J. McAnelly, Jr., New Orleans, La., Oliver P. Stockwell, Lake Charles, La., Bernard J. Caillouet, New Orleans, La., Plauche & Stockwell, Lake Charles, La., of counsel, for appellees.

Before JONES, BROWN and BELL, Circuit Judges.

PER CURIAM.

This appeal challenges the correctness of the District Court's final judgment rejecting the Lessors' contention that certain Louisiana oil and gas leases were forfeited by reason of nonpayment of royalties. The case turned on, and is controlled by, Louisiana legal principles. The principal question is whether the delay of some twenty months in payment of royalties by reason of the yet-unresolved controversy over the competing supremacy of an earlier voluntary unitization agreement versus a subsequent state-imposed obligatory unitization, Humble Oil & Refining Co. v. Jones, 1961, 241 La. 661, 130 So.2d 408; Humble Oil & Refining Co. v. Edwards, 1961, 241 La. 676, 130 So.2d 413, constituted an "active" breach (thus dispensing with the necessity of an express demand for performance) under Louisiana jurisprudence reflected in such cases as Melancon v. Texas Co., 1956, 230 La. 593, 89 So.2d 135; Bollinger v. Texas Co., 1957, 232 La. 637, 95 So.2d 132; and Bailey v. Meadows, 1961, La.App., 130 So.2d 501, writ denied June 29, 1961. This, as well as all other pertinent questions of fact and applicable

Louisiana principles, was dealt with in the able detailed memorandum opinion of the District Court. Bonsall v. Humble Oil & Refining Co., W.D.La., 201 F.Supp. 516. On the basis of the District Court's opinion and the findings and reasons discussed therein, we hold that the judgment denying forfeiture is free from error.

Affirmed.